IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL BARNISHIN,

    Plaintiff,

vs.                                                                  Case No. 4:15cv292-RH/CAS

CHARLES FRANCIS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint to this Court on June 8, 2015.  Doc. 1.  Notwithstanding payment of the filing fee for this case, doc. 2, because Plaintiff is currently in the Leon County Jail and filed this action as a prisoner seeking "redress from a governmental entity or officer," the complaint must be reviewed "as soon as practicable after docketing" to determine whether there are cognizable claims.  28 U.S.C. § 1915A.

Review of the complaint reveals that Plaintiff was arrested in late October 2014, and detained from October 2014 until February 25, 2015, then arrested again on April 23, 2015, and appears to have been detained since that time.  Doc. 1 at 6.  Plaintiff was convicted of unspecified crimes in May 2015, *see* doc. 1, ¶11 and ¶38, and contends his

due process rights have been violated. Plaintiff also contends that two of the named Defendants of "neglect," asserting that they failed "to perform their duties under the law, and" did not prevent injury to Plaintiff. *Id.* at 8. Plaintiff contends Defendants Francis and Meggs should have brought "an end to the prosecution" of Plaintiff. *Id.* at 8-9. Additionally, Plaintiff contend that he was subjected to a "bad faith prosecution" and alleges that Defendant Meggs retaliated against Plaintiff for "Plaintiff's audacity in challenging the jurisdiction of the court by whatever means was available to the Plaintiff . . . ." *Id.* at 9-10. Plaintiff additionally claims that Leon County is liable because it failed "to properly train and supervise its judges and district attorneys . . . ." *Id.* at 10. Plaintiff asserts that the County is liable under the doctrine of respondeat superior. *Id.* at 11. As relief, Plaintiff seeks to be relieved of all orders and judgments from the Leon County Circuit Court, to be "released from unlawful incarceration," declaratory relief, and compensatory damages of five million dollars from each named Defendant.

Prior to considering the merits of Plaintiff's complaint, a comment is warranted on Plaintiff's submission of a notice of change of address, doc. 3, filed on June 29, 2015. Plaintiff stated that because he was "currently in jail, and jail personnel are infamous for withholding mail and causing deadlines to be missed," Plaintiff wants to have his mail sent to: "c/o Paralegal Services, c/o P.O. Box 5043, Hemet, California [92544]."  Doc. 3 at 1. Because other persons or organizations are not authorized to represent Plaintiff in this case, mail will not be sent to them from this Court. Plaintiff may be represented by an attorney admitted to the Bar of this Court; otherwise, mail is directed from the Court to Plaintiff, and documents may be submitted to the Court and filed only from Plaintiff. N.D. Fla. Loc. R. 5.1(A).  Accordingly, the notice of change of address is not effective.

Plaintiff named four Defendants in this case: Chief Judge Charles Francis of the Leon County Circuit Court, Florida Circuit Judge Terry Lewis, District Attorney William Meggs, and Leon County, Florida.  Doc. 1 at 1-3.  The absolute immunity of a defendant is one of a number of grounds which justifies dismissal of a civil rights action.  Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) and cases cited.  When a judge acts in his or her judicial capacity, the judge is entitled to absolute immunity from liability for damages under § 1983  unless the judge's actions were in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  In Stump v. Sparkman, the Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983."  Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996) (citing Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)).  "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity."  Simmons, 86 F.3d at 1084-1085 (quoting Stump, 435 U.S. at 362, 98 S. Ct. at 1107).  Plaintiff's allegations reveal that Defendants Lewis and Francis were acting in their judicial capacities as he contends they did not "dismiss the prosecution" of criminal charges brought against Plaintiff.   Doc. 1 at 4.

If this first part is satisfied, the second part of the test looks at "whether the judge acted in the 'clear absence of all jurisdiction.' "  86 F.3d at 1085; 435 U.S. at 357, 98 S. Ct. at 1105 (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1872)).  A judge acts in the absence of jurisdiction when there is no subject-matter jurisdiction to hear a case, or when the acts of the judge are purely private and non judicial.  Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996).  Here, each of

the judges were dealing with Plaintiff in their capacities as judicial officers.  There are no allegations that any judge dealt with Plaintiff in a purely private capacity.  All of Plaintiff's claims against all of the judges are barred by absolute judicial immunity.  The complaint must be dismissed as to Defendants Francis and Lewis.

The law is also clear that prosecutors are absolutely immune from suit under the civil rights statutes for their actions which are "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980).  Such actions include "initiating a prosecution and in presenting the State's case."  Imbler, 424 U.S. at 431, 96 S. Ct. at 995.  Absolute immunity also covers things like examining a witness and presenting evidence during a probable cause hearing, actions stemming from his function as an advocate, preparing for the initiation of judicial proceedings or for trial.  Jones v. Cannon, 174 F.3d 1271 (11th Cir. 1999).  Thus, Plaintiff may not bring a civil rights action against Defendant Meggs because of actions or inactions taken in his capacity as State Attorney and the complaint must be dismissed as to that Defendant as well.

Moreover, Plaintiff may not bring a civil rights case against Leon County because the doctrine of respondeat superior or vicarious liability does not provide a basis for recovery under § l983.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Srvcs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); *see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986).  The United States Supreme Court held in Monell v. Dep't of Soc. Servs.,

436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), that municipalities may not be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior.  Municipalities such as cities or counties may only be held liable for the execution of a governmental policy or custom.  Plaintiff has presented no allegations showing that any action was taken pursuant to a policy or custom of Leon County.  Thus, because Plaintiff has not alleged any specific facts for Defendant Leon County which provide a causal connection to Plaintiff's alleged injury, the complaint must be dismissed to that Defendant as well.

Finally, it does not appear that amendment to the complaint would be beneficial. Plaintiff's claims are premised on alleged due process violations from state court criminal proceedings.  Under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), such claims are barred.  The <u>Heck</u> decision makes clear that a person who is serving a state sentence cannot pursue an action that, if successful, necessarily would imply the invalidity of the conviction, unless the conviction has been vacated in a separate proceeding. The Court concluded:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87.  Because Plaintiff's claims seek to overturn the conviction, it is clear that Plaintiff has not yet had his conviction overturned through the filing of a direct appeal or

other challenge.  Plaintiff may only challenge his criminal conviction through the filing of petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Plaintiff may not collaterally challenge his conviction by filing an action under 42 U.S.C. § 1983.  Therefore, Plaintiff's case must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**IN CHAMBERS** at Tallahassee, Florida, on July 22, 2015.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] This statute provides that "[n]otwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Case No. 4:15CV292-RH/CAS